UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHENA C. HANUSCIN,<br><br>       Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>       Defendant. | No. CV 09-8999-RC<br><br>OPINION AND ORDER |

    Plaintiff Stephena C. Hanuscin filed a complaint on December 11, 2009, seeking review of the Commissioner's decision denying her applications for disability benefits. On May 24, 2010, the Commissioner filed an answer to the complaint, and the parties filed a joint stipulation on June 25, 2010.

**BACKGROUND**

    On September 29, 2006, plaintiff, who was born on September 11, 1951, applied for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, and the Supplemental Security Income program ("SSI") of Title XVI of the Act, claiming an inability

to work since July 6, 2006, due to a bipolar disorder and hepatitis. A.R. 34, 123-31, 153. The plaintiff's applications were initially denied on February 2, 2007, and were denied again on July 12, 2007, following reconsideration. A.R. 57-67. The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge Ariel L. Sotolongo ("the ALJ") on September 15, 2008, and January 21, 2009. A.R. 31-52, 68. On April 7, 2009, the ALJ issued a decision finding plaintiff not disabled. A.R. 12-22. The plaintiff appealed this decision to the Appeals Council, which denied review on November 13, 2009. A.R. 1-7.

**DISCUSSION**

**I**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009). "In determining whether the Commissioner's findings are supported by substantial evidence, [this Court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001). "Where the evidence can reasonably support either affirming or reversing the decision, [this Court] may not substitute [its] judgment for that of the Commissioner." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007),

2

cert. denied, 552 U.S. 1141 (2008); Vasquez, 572 F.3d at 591.

The claimant is "disabled" for the purpose of receiving benefits under the Act if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case. 20 C.F.R. §§ 404.1520, 416.920. In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting her from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform her past work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If not,

in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). Moreover, where there is evidence of a mental impairment that may prevent a claimant from working, the Commissioner has supplemented the five-step sequential evaluation process with additional regulations addressing mental impairments.[1] <u>Maier v. Comm'r of the Soc. Sec. Admin.</u>, 154 F.3d 913, 914-15 (9th Cir. 1998) (per curiam).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since July 6, 2006, the alleged onset date. (Step One). The ALJ then found plaintiff has the following severe impairments: an unspecified depressive disorder and an alcohol abuse disorder in sustained

---

[1] First, the ALJ must determine the presence or absence of certain medical findings relevant to the ability to work. 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1). Second, when the claimant establishes these medical findings, the ALJ must rate the degree of functional loss resulting from the impairment by considering four areas of function: (a) activities of daily living; (b) social functioning; (c) concentration, persistence, or pace; and (d) episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(2-4), 416.920a(c)(2-4). Third, after rating the degree of loss, the ALJ must determine whether the claimant has a severe mental impairment. 20 C.F.R. §§ 404.1520a(d), 416.920a(d). Fourth, when a mental impairment is found to be severe, the ALJ must determine if it meets or equals a Listing. 20 C.F.R. §§ 404.1520a(d)(2), 416.920a(d)(2). Finally, if a Listing is not met, the ALJ must then perform a residual functional capacity assessment, and the ALJ's decision "must incorporate the pertinent findings and conclusions" regarding the claimant's mental impairment, including "a specific finding as to the degree of limitation in each of the functional areas described in [§§ 404.1520a(c)(3), 416.920a(c)(3)]." 20 C.F.R. §§ 404.1520a(d)(3), (e)(2), 416.920a(d)(3), (e)(2).

remission (Step Two); however, she does not have an impairment or combination of impairments that meets or equals a listed impairment. (Step Three). The ALJ next determined plaintiff is unable to perform her past relevant work. (Step Four). Finally, the ALJ concluded plaintiff is able to perform a significant number of jobs in the national economy; therefore, she is not disabled. (Step Five).

**II**

A claimant's residual functional capacity ("RFC") is what she can still do despite her physical, mental, nonexertional, and other limitations. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); see also Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009) (RFC is "a summary of what the claimant is capable of doing (for example, how much weight he can lift)."). Here, the ALJ found plaintiff has the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: the [plaintiff] is limited to simple, repetitive work that does not require sustained concentration for detailed or complex work; [sic] or require rapid production or rigid quotas." A.R. 18. However, the plaintiff contends the ALJ's Step Five determination is not supported by substantial evidence because the ALJ improperly found plaintiff was not credible. The plaintiff is not correct.

The plaintiff testified at the administrative hearing that she cannot work because she gets confused, is "lost," cannot eat, has attempted suicide more than once – most recently in October or November 2008 – and has "so many days [when she] can't get up." A.R. 35-39, 41. The plaintiff stated that in December 2008, she was in bed

1  for 10 days straight and could not make herself get out of bed.  A.R.
2  39-41.  She also said she goes to bed at 6:00 p.m. and gets up at 6:00
3  a.m., but wakes up 2-3 times a night, and she cannot predict from one
4  day to the next how she is going to feel.  A.R. 39, 42, 45.

6       Once a claimant has presented objective evidence that she suffers
7  from an impairment that could cause pain or other nonexertional
8  limitations,[2] the ALJ may not discredit the claimant's testimony
9  "solely because the degree of pain alleged by the claimant is not
10 supported by objective medical evidence."  Bunnell v. Sullivan, 947
11 F.2d 341, 347 (9th Cir. 1991) (en banc); Moisa v. Barnhart, 367 F.3d
12 882, 885 (9th Cir. 2004).  Thus, if the ALJ finds the claimant's
13 subjective complaints are not credible, he "'must provide specific,
14 cogent reasons for the disbelief.'"  Greger v. Barnhart, 464 F.3d 968,
15 972 (9th Cir. 2006) (citations omitted); Orn v. Astrue, 495 F.3d 625,
16 635 (9th Cir. 2007).  Furthermore, if there is medical evidence
17 establishing an objective basis for some degree of pain and related
18 symptoms, and no evidence affirmatively suggesting that the claimant
19 is malingering, the Commissioner's reasons for rejecting the
20 claimant's testimony must be "clear and convincing."  Morgan v. Comm'r
21 of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Vasquez,
22 572 F.3d at 591.

24       Initially, in assessing whether the ALJ provided clear and

---

[2] "While most cases discuss excess pain testimony rather than excess symptom testimony, rules developed to assure proper consideration of excess pain apply equally to other medically related symptoms."  Swenson v. Sullivan, 876 F.2d 683, 687-88 (9th Cir. 1989).

convincing reasons to support the adverse credibility determination, the Court reviews the entirety of the ALJ's opinion, not simply the specific reasons the plaintiff discusses in the joint stipulation. Cf. Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) ("The ALJ's findings will be upheld 'if supported by inferences reasonably drawn from the record. . . .'" (quoting Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004))); Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) (Court can "draw[] specific and legitimate inferences from the ALJ's opinion."). Here, although the ALJ found plaintiff was "generally credible[,]" the ALJ concluded that plaintiff's "testimony that she cannot work because she gets 'confused' and has long periods during which she cannot leave her bed [wa]s incredible" for several reasons, including that it was contradicted by the medical records, showing she was stable on medication and had no significant side effects.[3] A.R. 19-20. This finding is supported by substantial evidence in the record, A.R. 355, 363-64, 402, 413; thus, this reason "is a sufficient basis for rejecting the claimant's subjective testimony." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008); see also Turner v. Comm'r, Soc. Sec., 613 F.3d 1217, 1224-25 (9th Cir. 2010) (ALJ properly found claimant's not credible by referencing medical records refuting claimant's testimony).

//

---

[3] The medical records show plaintiff complained about an adverse reaction to Paxil on one occasion, and the medication was quickly changed. A.R. 223, 232, 388-89. She also initially complained that an increased dose of Seroquel made her feel too sedated and lethargic during the day, A.R. 223, 227-28, but later reported no side effects. A.R. 363-65, 367-69.

1    Additionally, the ALJ found plaintiff's testimony was
2 inconsistent with other statements by plaintiff and information in the
3 medical record.  A.R. 19-20.  For instance, the ALJ found that
4 although plaintiff claimed to be "stand offish," she was cooperative
5 and interacted appropriately with examining psychologist Rosa Colonna,
6 Ph.D., and her clinicians at the Hollywood Mental Health Center.  A.R.
7 19, 219, 221, 257, 355.  Moreover, although plaintiff claims she is
8 unable to work, no physician has so opined; to the contrary, as the
9 ALJ noted, Dr. Colonna and nonexamining psychiatrist Lydia Mallare,
10 M.D., opined plaintiff can perform simple repetitive tasks.  A.R. 20,
11 221, 310.  An ALJ can properly base an adverse credibility
12 determination on inconsistent statements by the claimant and the
13 medical record.  Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005);
14 see also Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1995)
15 (substantial evidence supports finding claimant could do narrow range
16 of medium work where no examining physician found claimant was totally
17 disabled).  Similarly, although plaintiff claims she is unable to
18 work, she "admitted to her treating clinicians at Gateway that she can
19 perform 'non-stressful work.'"  A.R. 20, 374.  An ALJ may properly
20 rely on inconsistencies in a claimant's statements in determining the
21 claimant is not a credible witness.  Batson, 359 F.3d at 1196; Connett
22 v. Barnhart, 340 F.3d 871, 873-74 (9th Cir. 2003).

24    Finally, the ALJ found plaintiff was not credible because she
25 "was able to work for many years with depression and did not seek
26 psychiatric treatment or allege disability until she lost her job.
27 . . ."  A.R. 19.  This, too, is a proper basis for the ALJ's adverse
28 //

credibility determination.[4]  See Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ provided specific, cogent reasons for determining claimant is not credible witness, including that claimant informed physician he left work because he was laid off, not because he was injured); Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988) (ALJ properly concluded claimant was not credible witness based, in part, on "the fact that [the claimant] left work because he was laid off" rather than because of his condition.).  Accordingly, "[t]he ALJ gave specific, clear and convincing reasons for discounting

//
//
//
//

---

[4] Although the ALJ found plaintiff's complaints of confusion and an inability to get out of bed for long periods are not supported by "the medical evidence of record[,]" A.R. 20, this is not so. See A.R. 226-27, 230, 240, 355, 374. Moreover, the ALJ's reliance on plaintiff's daily activities to reject her testimony, see A.R. 20, is not well taken since the ALJ failed to explain how plaintiff's daily activities are inconsistent with her mental limitations, especially since plaintiff explained the shopping and household chores she performs are very limited, A.R. 40, 164-65, 190-91, and her reading and similar activities take only a few minutes a day "because she lacks concentration and always falls asleep." A.R. 166, 192. In any event, the ability to perform such activities does not translate into an ability to work. See Orn, 495 F.3d at 639 ("[R]eading, watching television and coloring in coloring books are activities that are so undemanding that they cannot be said to bear a meaningful relationship to the activities of the workplace."). Therefore, these reasons are not proper reasons for rejecting plaintiff's testimony. Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001). Nevertheless, "the ALJ's decision finding [plaintiff] less than fully credible is valid[,]" Carmickle, 533 F.3d at 1163, in light of the clear and convincing reasons the ALJ gave, which are discussed above.

[plaintiff's] testimony." Thomas, 278 F.3d at 959; Celaya v. Halter, 332 F.3d 1177, 1181 (9th Cir. 2003).

**ORDER**

IT IS ORDERED that: (1) plaintiff's request for relief is denied; and (2) the Commissioner's decision is affirmed, and Judgment shall be entered in favor of defendant.

DATE: November 17, 2010          /S/ ROSALYN M. CHAPMAN
                                 ROSALYN M. CHAPMAN
                                 UNITED STATES MAGISTRATE JUDGE

R&R-MDO\09-8999.mdo
11/17/10